Shearer, J.
In the view we have taken of this case, it is necessary to consider only one of the many questions made in argument, namely: Did the amendment and repeal of sections 2926b and 2926c, Revised Statutes, authorize the action of the board complained of?
The original section 2926b, passed April 13, 1889 (86 Ohio L. 282), enacted “ that the governor shall appoint a secretary of such board, who shall be an elector of said city, fully qualified for such place, and who shall hold the same for the term of four years; but he may, for official misconduct, be removed by said board ; the governor shall appoint his successors, each *308 for tbe same term of years, and in the case of the death, resignation, or removal of the secretary, shall fill the vacancy for the unexpired part of such term.”
The language just quoted constitutes the whole of the original provision in respect to the appointment of the secretary.
The provision of the amendatory section, passed April 28, 1890, is that “a secretary of such board shall be appointed by the members thereof, who shall be an elector of said city, fully qualified for such place, and who shall serve the same for the term of four years; but he may for official misconduct be removed by the board; the. board shall appoint his successors, each for the same term of years, and in case of the death, resignation or removal of the secretary, shall fill the vacancy for the unexpired part of such term.” Thus it is seen that the last quoted section, which repeals and amends original section 29266, differs from the original only as to the officer vested with the appointing power. In other words, the amendment takes the power of appointment from the governor and vests it in the members of the board. The office is not abolished, nor is the term of the incumbent affected. His successor cannot be appointed until the expiration of the term for which he was appointed, unless he shall die, resign, or be removed for cause.
This view finds support in section 2926c, passed on the same day as the section above mentioned, and which amended and repealed original section 2926c. This section provides that “ the members of the board shall meet within ten days after their appointment * * * and organize by electing one of them president by ballot, and they shall also at that, time elect a secretary, as provided in sections 29266 and 2926c.”
These members must meet within ten days after their appointment ; but the mayor cannot appoint until a vacancy occurs in the office of a member by the expiration of his term — he being continued in office for his existing term by the express provision of section 29266. (87 Ohio L. 359.)
*309 So it is clear that it is the members who shall be appointed by the mayor — who alone is invested with that power — who ■are to elect a secretary. The members who assumed to elect a secretary as successor to the relator were not appointees of the mayor. They held by virtue of the appointment of the governor, and, if need be, by the saving clause of section 29266. They are not the “ members of the board ” who are directed by the statute to meet' within ten days after their appointment at the mayor’s office, etc., for the organization of the board and the election of a secretary, nor could they comply with this requirement; for they had been in office many times ten days before the passage of this act.
The enactment of the sections under review did not, and was not intended to, operate, as an appointment of the members of the board, as members of the board provided for by the act. To so hold would require us to declare such enactment to be void as contravening section 27, article II of the constitution, which provides that “ no appointing power shall be exercised by the general assembly, except as provided in the constitution and in the election of United States senators.” Unless plainly so, courts will not hold a statute to be unconstitutional.
When a new board is appointed after the expiration of the terms of the members in office when the acts under consideration were passed, they may elect a secretary; but the present board had and has no power to choose such an officer, except in case of death, resignation or removal for cause, of the lawful incumbent, or the expiration of his term.
The action of the board in assuming to elect a secretary as alleged in the petition, was in disregard of section 8, Revised Statutes, which provides, that “any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the constitution or laws.”
The relator was “holding an office” and was entitled to “ continue therein ” until his successor was legally chosen and *310 qualified, unless it is otherwise provided in the constitution and the laws. And we are clear that it is not so “ otherwise provided.” This is in-accord with the doctrine of The State ex rel. v. Michael Kerns, 24 Law Bulletin, 47 6, to appear in 47 Ohio St.
Oharles S. Qherrington, for relator.
Powell, Owen, Ricketts & Black and Geo. K. Nash, for defendants.
The action of the members of the board in attempting the election of a secretary was a nullity, and in no wise affected the relator’s title to that office.
The other questions argued, being unnecessary to this decision, are not passed upon.
The demurrer to the answer will be sustained; and, it will bé adjudged that the defendant be ousted and altogether excluded from the office of secretary of the Board of Elections of the city of Columbus; that the relator, be inducted into said office, and that he recover his costs.